The Bergin Realty Company
vs. } Eq. No. 529.
Emilie Schaller et al.

October 15, 1931.

BLODGETT, P. J. Heard upon prayer for preliminary injunction.

The bill alleges an agreement for the sale of real estate in the town of Warwick, county of Kent; that in accordance with said agreement respondents conveyed to complainant said real estate by warranty deed in Rhode Island statutory form, whereby, among the covenants, they (respondents) covenanted they were the owners of the land in fee simple, and purported to convey same with the following incumbrances: "Said premises are conveyed

subject to conditions of record, and two mortgages of record."

The bill further alleges that complainant mortgaged said property to the Citizens Realty & Finance Corporation, and that said company transferred said mortgage and the note secured thereby to respondent Emilie Schaller; that said Emilie has commenced proceedings to foreclose said mortgage by advertising said premises for sale; that in seeking to place a new mortgage on the premises complainant, upon examination of the title to said premises, discovered that it was the owner of a conditional fee with reverter to one Ida E. Wright and her heirs, and that in consequence thereof, and as a result of such defect and lack of title in said Schallers as grantors, said complainant has not a marketable title in said premises, and that by reason thereof said complainant has suffered damage.

Complainant further asks that respondents be restrained from foreclosure proceedings under said mortgage.

The question at issue is whether the short form of deed as used under the statute in Rhode Island sufficiently sets forth a certain restriction contained in the original deed from the owner of said land to the respondents. It is not very clear from the record what this restriction was, but as the Court remembers the testimony, the restriction prevented the sale of intoxicating liquors upon the premises, and provided for a reverter in such case.

The Court is of the opinion that the conditions and restrictions are sufficiently set forth in the deed in question.

Preliminary injunction denied.

For complainant: Daniel A. Colton.

For respondent: Adolph Gorman.